VICKIE L QUINTANA
3106 TIDEWIND CT
MANVEL, TX 77578

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON

| | |
|---|---|
| VICKIE L QUINTANA<br><br>    Plaintiff,<br>  vs.<br><br>EQUIFAX INFORMATION SERVICES, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS,  CSC CREDIT SERVICES, GECU-INDIRECT,NATL FITNESS,CONSOLIDATED RESORTS,GEMB/DILLARDS,GECU,BANK OF AMERICA,ALL POINTS CAPITAL COR,INTEGRATED VEHICLE LEA,JMV ASSOCIATES,PREMIER CAPITAL LLC,BIRCHWOOD CREDIT SERV,BCHML,GECU-INDIRECT,GEMB,SRA ASSOCIATES,ENTAIRE GLOBAL LENDI,FIA CSNA, CHASE, CHASE VENDOR MANAGEM, AMERICAN EXPRESS, FIA CSNA, WELLS FARGO BANK,<br><br>Defendant | **Cause No: unassigned**<br><br>**COMPLAINT** |

_____

Upon information and belief, and in good faith, Plaintiff, VICKIE L QUINTANA alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act

[Summary of pleading] - 1

("FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

## JURISDICTION

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331. Venue lies in Harris County in the U.S. District Court, Southern District of Texas – Houston.

## PARTIES

3. Plaintiff VICKIE L QUINTANA (hereinafter "I" or "Plaintiff") is a resident of Houston, Texas. Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.
4. Defendant Trans Union LLC (hereinafter "Trans Union") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). Trans Union is authorized to do business in the State of Texas, with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.
5. Defendant Experian Information Solutions (hereinafter "Experian") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). Experian is authorized to do business in the State of Texas, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.
6. Defendant Equifax Information Services LLC (hereinafter "Equifax Information Services") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). Equifax Information Services is authorized to do business in the State of Texas, with its principal place of business located at 1550 Peachtree Street, NW Atlanta, Georgia 30309.
7. Defendant Credit Control Corporation; is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a (u). RJM Credit Control Corporation is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
8. Upon information and belief, Defendant California Coast Credit Union is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer and/or other financial institutions.
9. Upon information and belief, Defendant American General Financial is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
10. Defendant Midland Credit Management is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a (u) and is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
11. Defendant GECU-INDIRECT is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12. Upon information and belief, Defendant <u>Gemb Mervyns</u> is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
13. Upon information and belief, Defendant <u>BIRCHWOOD CREDIT SERV</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
14. Upon information and belief, Defendant <u>PREMIER CAPITAL LLC</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
15. Upon information and belief, Defendant <u>ALL POINTS CAPITAL COR</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
16. Upon information and belief, Defendant <u>CMRE Financial Services</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
17. Upon information and belief, Defendant <u>GECU-INDIRECT</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

**FACTUAL ALLEGATIONS**

18. On or about July 22, 2009 I received a letter from BNY Mellon Inc that computer files and tapes concerning my personal information were lost and may be compromised.
19. On or about July 28, 2009, I immediately notified the Experian, Equifax Information Services, and Trans Union and ordered copies of my credit reports.
20. On or about August 8, 2009, I received copies of my credit reports which showed erroneous, inaccurate, and fraudulent data regarding my persons and financial and business transactions.
21. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.
22. Plaintiff has since received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and CSC Credit Services. All of which are reporting inaccurate, fraudulent, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.
23. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies and as a direct result and proximate cause of credit reporting agency(s) reporting erroneous, inaccurate, fraudulent and adverse information, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

**CAUSE OF ACTION**

24. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.
25. <u>Trans Union LLC</u> continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false,

erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
26. <u>Trans Union LLC</u> continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.
27. <u>Trans Union LLC</u> willfully and negligently reinserted removed items on Plaintiff's consumer credit report without notifying Plaintiff in writing within 5 business days in violation of FCRA (A)(5)(B)(ii).
28. <u>Trans Union LLC</u> continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions.
29. As a result of Trans Unions actions, Plaintiff has been damages.
30. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
31. <u>Trans Union LLC</u> failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
32. <u>Trans Union LLC;</u> failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
33. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
34. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
35. <u>Experian</u> continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
36. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
37. <u>Experian</u> failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
38. <u>Experian</u> failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
39. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

40. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
41. Equifax Information Services Information Services continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
42. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
43. Equifax Information Services failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
44. Equifax Information Services failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
45. As a result of Equifax Information Services negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
46. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
47. PREMIER CAPITAL LLC; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
48. NATL FITNESS willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
49. GEMB/DILLARDS willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).
50. ENTAIRE GLOBAL LENDI; willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).
51. ENTAIRE GLOBAL LENDI; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiffs credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).
52. ENTAIRE GLOBAL LENDI willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
53. GECU-INDIRECT; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
54. SRA ASSOCIATESs; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a. Actual damages in an amount to be shown at trial;
b. Statutory damages pursuant to FCRA 1681n;
c. Punitive damages pursuant to FCRA 1681n;
d. Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;
e. Costs and reasonable attorney's fees; and
f. Such other relief as may be just and proper.

*Vickie Quintana*
VICKIE L QUINTANA
Pro Se

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Vickie Quintana

### DEFENDANTS
Equifax Information Services et all

**(b)** County of Residence of First Listed Plaintiff  HARRIS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  HARRIS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

United States District Court
Southern District of Texas
FILED
AUG 28 2009
Clerk of Court

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
VIOLATION OF THE FCRA -15U.SC. 1681 ET SEQ
Brief description of cause:
REPORTING FRAUDLENT,ADVERSE AND INACCURATE,ERRONEOUS INFROMATIN ON CREDTI

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Vickie Quintana
DOCKET NUMBER

DATE 8/28/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____