**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VICKIE L. QUINTANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-02835 |
| | § | |
| EQUIFAX INFORMATION SERVICES, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, CSC CREDIT SERVICES, GECU-INDIRECT, NATL FITNESS, CONSOLIDATED RESORTS, GEMB/DILLARDS, GECU, BANK OF AMERICA, ALL POINTS CAPITAL COR, INTEGRATED VEHICLE LEA, JMV ASSOCIATES, PREMIER CAPITAL LLC, BIRCHWOOD CREDIT SERV, BCHML, GECU-INDIRECT, GEMB, SRA ASSOCIATES, ENTAIRE GLOBAL LENDI, FIA CSNA, CHASE, CHASE VENDOR MANAGEM, AMERICAN EXPRESS, FIA CSNA, WELLS FARGO BANK, | § § § § § § § § § § § § § § § § | |
| Defendants. | | |

**EQUIFAX INFORMATION SERVICES LLC ANSWER AND DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

COMES NOW Equifax Information Services LLC ("Equifax") by counsel, and hereby files its Answer to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

1.  In response to Paragraph 1 of Plaintiff's Complaint, Equifax admits that Plaintiff purports to bring this action in violation of the FCRA and FDCPA, all of which Equifax denies any liability to Plaintiff.

## JURISDICTION

2. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

## PARTIES

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Equifax denies it is a consumer reporting agency for this consumer in this jurisdiction. Equifax admits it is a consumer reporting agency for consumer files it owns controls and maintains in certain other jurisdictions in the United States of America.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Equifax denies the allegations contained in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegations contained in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

## **CAUSE OF ACTION**

24. In response to Paragraph 24 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 23 as though fully set forth herein.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. In response to Paragraph 30 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies any liability to Plaintiff in this action.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. In response to Paragraph 34 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies any liability to Plaintiff in this action.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. In response to Paragraph 36 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies any liability to Plaintiff in this action.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. In response to Paragraph 40 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies any liability to Plaintiff in this action.

41. Equifax denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. In response to Paragraph 42 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies any liability to this consumer for the claims asserted against it in this lawsuit.

43. Equifax denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Equifax denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Equifax denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. In response to Paragraph 46 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies any liability to this consumer for the claims asserted against it in this lawsuit.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

Equifax admits that Plaintiff requests a trial by jury.

Any allegation contained in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied. Equifax further denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax pleads the following defenses to Plaintiff's complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted. The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the Supreme Court of the United States in the following cases: *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. \_\_\_, 129 S.Ct. 1937 (2009).

**SECOND DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible. Equifax does not own, control or maintain credit files of consumers in this jurisdiction.

**THIRD DEFENSE**

The Complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

**FOURTH DEFENSE**

Plaintiff failed to act reasonably to mitigate the damages she alleged.

**FIFTH DEFENSE**

Plaintiff's state law claims are preempted by the Fair Credit Reporting Act and/or FACTA.

**SIXTH DEFENSE**

Plaintiff's state law claims are barred by qualified immunity.

**SEVENTH DEFENSE**

As a defense, Equifax asserts the terms and provisions of the Texas Deceptive Trade Practices Act, including any notice provisions.

**EIGHTH DEFENSE**

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001);

*State Farm v. Campbell*, 538 U.S. 408 (2003) and *SAFECO Insurance Co. of America v. Burr*, 551 U.S. 47, 127 S. Ct. 2201 (2007).

### NINTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

### TENTH DEFENSE

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

### ELEVENTH DEFENSE

As a defense, Equifax asserts that the allegations contained in the Complaint are filed in bad faith or for purposes of harassment pursuant to 15 U.S.C. § 1681o(b).

### TWELVETH DEFENSE

Equifax complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### THIRTEENTH DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and Plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

### FOURTEENTH DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3) That this lawsuit be deemed frivolous and Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 8th day of October, 2009.

    Respectfully submitted,

    EQUIFAX INFORMATION SERVICES LLC

    */s/* Jeremiah J. Anderson
    Jeremiah J. Anderson
    janderson@kslaw.com
    Attorney-in-Charge
    Texas Bar No: 24040432
    King & Spalding LLP
    1100 Louisiana, Suite 4000
    Houston, Texas  77002
    Tel: 713-751-3200
    Fax: 713-751-3290

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009, I have made service of the foregoing **EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** on the party(s) listed below in the manner indicated:

| | |
|---|---|
| Vickie L. Quintana<br>3106 Tidewind Ct.<br>Manvel, TX 77578<br><br>*Pro Se* Plaintiff | ☒ U.S. Mail/CMRR<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email<br>☐ Electronically via USDC CM/ECF system |

/s/ Jeremiah J. Anderson